Thank you and may it please the court. Nicholas Flanzolita for petitioner Vicente Castaneda Medina. I would like to reserve three minutes for rebuttal. This case concerns the Board of Immigration Appeals refusal to consider Mr. Castaneda Medina's exceptional circumstances challenge to his inauspicious removal order. The board erred in its ruling for two reasons. Council, forgive me for interrupting you but I just want to tell you right at the top I think you're speaking a little bit quickly and on my end there's an echo so it's tough for me to follow you. If you could slow down just a notch that would be great. Okay, my apologies. First, 8 U.S.C. section 1229 A.B.5.C. does not mandate that non-citizens file challenges to in absentia removal orders with the immigration judge. Second, it makes no difference if the statute can be read to include a venue rule because the board committed illegal error by interpreting the provision as a jurisdictional limit to its authority. As Hernandez considered a similar place of filing rule from this that was announced in a board regulation which was derived from the statutory text of section 1229 A.C. 7. Applying principles from the Supreme Court jurisprudence illuminating the distinction between jurisdictional and claims processing rules, Hernandez recognized that because the statutory text in section 1229 A.C. 7 does not speak in jurisdictional terms, the regulatory place of filing rule could not be jurisdictional. And just like section 1229 A.C. 7 in Hernandez, section 1229 A.B.5.C. here does not speak in jurisdictional terms. That the venue rule in Hernandez was announced in a regulation and the venue rule here derives from the statute's text makes no difference. The Supreme Court has recognized time and again in cases like Zipes against Transworld Airlines, Gonzales against Thaler, and in Arbaugh against Y&H Corporation that the statutory provisions that do not rank a statutory limitation on coverage as jurisdictional should be treated as claims processing in character. Counsel, who's the proper entity to decide however phrased your client's motion to in effect set aside the in absentia removal order? What's the proper entity to decide that? Your Honor, we believe that the board or the immigration judge could hear this sort of challenge, this sort of filing. However, if there is a venue rule to be derived from the statute's text, we think that it would be non jurisdictional in claims processing. Therefore, the board could have corrected any error by Mr Castaneda Medina. You could be wrong, but I look to the board like an appellate court that's not especially designed to hear facts, take witness testimony and the like. And that seems to me that the immigration judge who issued the removal order is the one that should hear from your client on why he was unable to appear because of hospitalization. Am I wrong about that? Your Honor, we would still argue that the board could hear these kinds of challenges. However, if that is the rule, if that is the case, that doesn't change the fact that the statute's text is non jurisdictional. So the board erred in ruling that it was precluded by the statute from hearing this kind of challenge simply because the statutory... Actually, counsel, right there, right there, I think you might be making an assumption. The board didn't speak in jurisdictional terms either, right? It said that it couldn't hear, it said that it couldn't hear an appeal, a true appeal from an abstention removal order, and that's not really contested, is it? No, Your Honor, that is not. Okay, so why did the board err? You want us to rule that this is a claims processing rule, and I think you make a strong argument, but if we agree with you about that, why wouldn't we just remand? It seems to me the board, I'm not sure why it did err, it referred this to the IJ and arguably referred it for a ruling. Your Honor, we don't believe that the board did, and in contrast to prior board decisions like matter WF, where the board explicitly said that this case would be remanded to the immigration judge for adjudication. Here, the board simply said that they would return the record to the immigration judge with no further board action, and we think that that did not put the immigration judge or our client on notice of any further steps that needed to be taken with the immigration judge. Well, I agree, your client, who's pro se at the time, I think may have been left confused about this. That's a different question, though. But in terms of the initial point that you were just speaking to Judge Hawkins about, you said that, I think your premise is that the board was speaking in jurisdictional terms. If the board really thought this was jurisdictional, it would have had to dismiss, and it didn't do that, right? That's correct, your Honor. So it can't be jurisdictional, but we think that the board did say and speak in jurisdictional terms when they said that they were precluded from the statute from reviewing this. Well, if I disagree with you about that, let me just... If I disagree with you about that and agree with you that this is a claims processing rule, and I'm inclined to assume that the board does know what its jurisdiction is and that it does know what it's doing, it referred this back to the immigration court, maybe not artfully, maybe there was a little ambiguity about what it intended to happen next. But I'm just trying to get to... If we agree with you that it's claims processing, why shouldn't we remand for the claim to be processed? Your Honor, we would ask that this court does do that, on remand, that it simply asks the board to either send it back to the immigration judge or the board can rule on itself that Mr. Casaneda Medina's exceptional circumstances claim be heard. That's what we're seeking here. However, back to your earlier point, Your Honor, we think that the board should have properly construed this challenge as a motion to reopen as opposed to an appeal, because if you look at page eight of the administrative record, all the contents of the filing itself focus solely on the exceptional circumstances claim and not... Right, and it seems to me the board knew that, counsel. The board knew it didn't have jurisdiction to hear a true appeal and it remanded this, right? So it seems to me that it recognized that what the filing clearly was, as Judge Hawkins said, whatever you label you put on it, it was a request to reopen, it was a request to rescind the removal, right? We believe that the board interpreted this as an appeal and that's why they came to the conclusion that they were precluded from hearing it. And for that reason, they didn't take the extra step that, as they may have done in other cases, like matter of WF, where they remanded for adjudication. And that's the error that we're seeking to correct here. I'm gonna get out of your way, but let me just clarify to make sure that we're understanding or communicating on this one point. Do you agree that if the board treated this or understood this to be a true appeal, that it would have lacked jurisdiction to act at any and it could not have transferred it to the IJ? Do you agree with that? We don't believe that this part of the statutory text would preclude the board from hearing an appeal and in this kind of procedural posture where the motion for the filing was solely focused on the exceptional circumstances claim, that the board has not precluded from considering this or from remanding to the IJ. But I do think that... Okay, I don't think you just answered my question. So just to be clear, if the board thought this was really an appeal, the board would have lacked jurisdiction to hear it, because it's a removal from an abstention. You agree with that? You've already agreed with that, right? And so my question is, if the board really lacked jurisdiction, do you agree it could not have remanded this to the IJ, transferred it to the IJ? Yes, Your Honor. In that case, under Arbaugh and those other lines of Supreme Court cases, if it truly lacked jurisdiction, it would have had to dismiss the case, which it did not do here. Thank you for the clarification. Can you tell me what happened after the BIA's order, after the BIA said the record is returned to the Immigration Court? Did anything happen before the IJ? Did your client try to do anything? Your Honor, nothing happened before the IJ, because our client received the board's ruling with a cover letter that said, on administrative record page one, that said, if this decision from the board orders you removed, then you should take a petition with the appropriate circuit court, this court. That's what our client did in a timely fashion in 30 days after receiving that ruling from the board. And for that reason, we think that if this comes back down, and it is a claims processing rule, on remand, our client shouldn't have his exceptional circumstances claim precisely for that reason, Your Honor. He did show diligence to the best of his abilities in pursuing this claim. Once again, this principle is consistent with other Supreme Court precedents, like Irwin against the Department of Veteran Affairs, which recognized that corrective measures are appropriate, where a litigant timely makes a mistake in filing in the wrong venue, perhaps, but does it so within the statutory period. And that's what... Counsel, just following up, if I could, just following up on Judge Lee's question, because I'm not sure I got the answer. But when the case went back to the IJ, was your client, and your client filed an appeal to our court, was your client pro se when he initiated the appeal to our court? Yes, Your Honor, he was. And we aren't entirely sure that the case did go back to the IJ. The record was returned, but that is... We think there's a distinction between that and remanding the case for adjudication with the IJ. I understand. Thank you. Thank you, Your Honor. Moreover, our client has, as I mentioned before, timely pursued his different challenges in seeking... Pursuing this claim, going to Judge Lee's question, it was 25 days after receiving the immigration judge's order that he filed his challenge with the board. And then once he received the board's decision, he once again appealed to this court within 30 days. And both of those challenges fell well within the 180 day time limit applicable to him. So he really shouldn't be procedurally barred back on remand now that that time limit expired a month after he sought review from this court. So for those reasons, we would ask that on remand, this court indicate that Mr. Castaneda-Medina displayed diligence with an instruction that to the board or the immigration judge that his exceptional circumstances claim be heard on the merits. And if there are no further questions, I'd like to reserve the remainder of my time for rebuttal. Sure, that's fine. We'll hear from the government. Good morning, your honors. May it please the court. Elizabeth Fitzgerald Sambu on behalf of Respondent Attorney General. This is an immigration case where unfortunately... Counsel? Counsel? You're breaking up rather badly on my end. Sorry. Can you hear me better? Judge Hawkins, was that happening for you as well? Judge Lee? I can hear. Yeah, I could hear. Can you hear me if I hold the microphone here, Judge Christian? Or is it still breaking up? You can't hear anything. Does it work any better now? John? Let me just speak to our IT person for a minute. Forgive me. We'll stop the clock, please. I can reach out to them. When we get back, we'll start your time over. John, we're having a little difficulty hearing the government's counsel. Judge Christian, can you hear me either? Judge Christian? Judge Christian, can you hear me? Nothing. Can you hear me? Yes. Yes. Okay, we'll just quickly do a sound check. Judge Lee? Yes, I can hear you. Okay, I can hear all of you. I don't... I was just telling someone the other day that the Ninth Circuit's IT crew has been amazing, and he's arguing with them very, very well. It's really unusual, but once in a while, there's a glitch, and we don't wanna miss any words. So thank you for your patience. We're ready to go. And counsel, we've restarted the clock because I really lost you right at the beginning, so go right ahead. No, that's fine. And you can hear me okay now, right, Judge Christian? Perfect. Okay, perfect. Thank you so much. Okay. Good morning, Your Honors. May it please the court. Elizabeth Fitzgerald Sambrou on behalf of Respondent Attorney General. Here, as I mentioned earlier, this is a case where a pro se individual made an unfortunate mistake where he filed a direct appeal with the board of an in absentia removal order instead of a motion to reopen with the immigration judge. And our position is that this court need not even decide whether the board thought it lacked jurisdiction or whether it was a claims processing rule, because here, the board didn't err in what it did. It issued its decision about two months prior to the deadline for petitioner to file that motion to reopen with the immigration judge. And here, petitioner, at least to our knowledge, still has not filed that motion. And even if this court considers the board's decision slightly ambiguous as to what returning the record meant, whether they just meant the physical copy of the record back to the immigration court or whether they were hoping that the immigration judge would act on this, there are two points. First is that the immigration judge could have always acted on petitioner's, you know, allegation of his hospitalization if the immigration judge had wanted to. Because even if the immigration judge didn't construe that direct appeal as a motion to reopen, at that time, the immigration judge could have sui sponte reopened if he or she had wanted to. And the other note is that petitioner is not precluded from filing a motion to reopen, even today, if he wanted to. So there is a 180 day deadline for motions to reopen alleging exceptional circumstances like the hospitalization that he had. However, in this circuit, the agency allows that deadline to be equitably told. So petitioner could go even today and file that motion with the immigration judge and allege, you know, if he was confused, as he's saying, and he thought he had to file a petition for review here instead of just going ahead and filing a motion to reopen or even mailing what he sent to the board to the immigration court there, he would simply just allege, you days. Um, and here both the board cited that statute for him and the immigration judge included instructions about how to file a motion to reopen in the cover sheet of that in absentia removal order. Um, so here this court need need not even reach the issue of whether this was jurisdictional or claims processing rule. Um, isn't that kind of the very hardest way to go about this? Sometimes it just seems like we should help cases get moved along so they can be decided on their merits. And of course, he's pro se at the time and he's pro se when he filed in the Ninth Circuit. And there was also a cover sheet with the, uh, forgive me, with the board's ruling saying, hey, the next step if this order is removed is to appeal to the Ninth Circuit. All of that's right in the record. It just seems like a miscommunication to me. Yes, Your Honor. And I think the board's decision could have been clear. So yes, the cover. She did instruct him to file the position here. And I think that's why now this court is reviewing the board's decision. Um, and we they believe that they lacked jurisdiction. We think that's really what the board intended to say, because they said they were precluded from acting and well, they decided about acting on an appeal. Let's just break it down. If I forgive me for interrupting, but they are precluded from acting on an appeal, a true appeal from an abstention order. And that's uncontested. I'm sure you're not going to contest that either, right? They could know. Right. And so then if they had lacked jurisdiction, all they could really have done is dismiss. And they didn't do that, which tells me that, you know, they see a whole lot more of these than we do. And even we see several where it's filed in the wrong place and the board transfers so that it can take the next step on the merits. Well, Your Honor, we believe the matter of Gusman decision that the board sites in its decision here does say that the board lacks jurisdiction to review direct appeals. So I guess and they called it an appeal. The board here called it an appeal. So we think that the best reading, at least of the board's decision here, is that they believe that this was a direct appeal. And in light of the statutory history, as explained in the matter of Gusman decision, with board precedent over the years where they believe that they could review these orders on direct appeal and Congress included language saying no in 1990, that it has to be a motion to reopen. And then in 1996, specifying that the immigration judge is the one that resolves the motion. And then you have the matter of Gusman decision in 1999, where the board is saying that they lack jurisdiction in circumstances exactly like this, where someone files a direct appeal in light of that long history in the context of the statute. Well, there's a long history going both ways. There's also a long history of the board sometimes transferring these cases to be so. So I'm not sure why that's helpful. All we have here in this language is to me, this order does not speak in terms of jurisdiction, except to the extent which is the uncontested point, which is they can't hear an appeal, a true appeal. True. Counsel? Counsel? Yes, Your Honor. Would the government object if we told the BIA to remand, send back this matter to the IJ with instructions to treat the matter as a motion to reopen or rescind? I mean, we think this court doesn't need to go that far. I'm looking for a yes or no and an explanation. Yes, we would object. Yes or no? Yes, we object. You would object to that? Yes. And do you want me to explain the reason? Yes, of course. Okay. So yes, the reason why we would object to that is because the board, if the board truly lacks jurisdiction, then they lack the authority to order the immigration judge to do anything with this filing the petitioner sent to the board. So here, we read this board decision as saying, you know, by saying that they're precluded and they're citing matter of Guzman, which says they lack jurisdiction over a direct appeal as petitioner filed, then therefore they can't take any action. They can't tell the immigration judge what to do with this. All they could do is just send the record back to the immigration judge. And there, you know, the immigration judge could have acted if he or she had wanted, but the board couldn't tell the immigration judge what to do with it. So by this court remanding and ordering the board to tell the immigration judge to treat this a certain way or to act on it is, in essence, sort of concluding that the board does have jurisdiction or authority to order the immigration judge to take action on this filing. And do we have that authority? Excuse me. Do we have that authority? Well, I think this court would have that. Yes, sir. Council. Yes or no. And explain. Does this panel have the authority to instruct the I. J. To because this court remains to the board. It doesn't remain directly to the immigration judge. And for this court to remain to the board, it would have to order the board to act on this when the board says it lacks jurisdiction. So here this court. No, no. Excuse me. Excuse me. The board only said it lacks jurisdiction to hear a true appeal. That's right. But what he filed is a very simple pro se. Clearly a statement saying, Hey, I was in the emergency room. It's very clear what he was trying to do here. And it seems to me clear that B. I. A. Knew that because it didn't dismiss. Well, in our view, in our view, they essentially did dismiss for lack of jurisdiction. So I think that's where the disconnect is here. Um, because in our view, the board did treat this as a direct appeal. Um, and so for that reason, that's why they cited matter of Gusman said they were precluded from acting on it. We think there is ambiguity on that point because there was the remand and because this person's pro se and because the cover sheet directed this person to file with us. If we think there is ambiguity on that point, can we can't we do what Judge Hawkins is directing or suggesting? Yes. So that was gonna be what I explained next is that if this court disagrees and doesn't think that the board said that it lacked jurisdiction. So if this court treats this as a claims processing role, our first argument would be that this court doesn't even need to rematch because here because the immigration judge's cover sheet of the removal order and the board's decision clearly or at least they put petition on notice by citing the statute that generally this should be a motion to reopen filed with the immigration judge and the cover sheet of the in absentia order included the address where he was supposed to set it. So that's our first argument. But if this court even disagrees with that, then I think yes, then the remedy would be that this court should remand for the agency to decide in the first instance whether the hospitalization was actually an exceptional circumstance. Because here the agency hasn't yet even decided that question. So if this court went ahead and decided that that would be a violation of Chenry and Ventura and that's something the agency needs to decide first. And finally, I'll just argue that the Hernandez case is distinguishable, but I guess this goes back to our original jurisdictional argument that the board was saying it lacks jurisdiction. But in our view that Hernandez case is distinguishable because the board was relying on the statute, the INA itself, to say that was the reason the statute included language saying that it has to be a motion to reopen with an immigration judge, which provides, you know, the proper venue where the filing must be made. Whereas in Hernandez, it was just a regular motion to reopen and the INA doesn't specify in that regular motion to reopen section, you know, where that motion has to be filed. So that's the main difference is the statute versus the regulation. Can you shed a little more light on 8 CFR 1003.1C, the certification jurisdiction? Could that have been invoked here in this case for the BIA to have jurisdiction in this case? Well, Your Honor, the certification history is a little bit complicated because there have been cases in the past where the board will certify a case to itself and jurisdiction is a little bit iffy. And there's actually a new history of this year where the new regulation prohibits the board from self-certifying cases to itself, in part for that reason, because of the sort of odd history of the board just doing so, where its own jurisdiction is questionable. But as of right now, that new regulation is preliminarily enjoined nationwide. So it's unclear, you know, whether the board will. So as of now, the board does have that authority, but it might not in the future. And our court can't order the board to self-certify a case to itself because it is discretionary. And it's wholly within the discretion of the agency. So this court can't order the agency to exercise its discretion to self-certify. I just understood, Lee. Oh, go ahead, Judge Lee. Does that suggest that maybe this isn't the jurisdictional rule? I mean, if it's jurisdiction rule, you know, an agency can't suddenly say, well, we'll exercise our jurisdiction by exercising a discretion. True, I would agree with that. But I think here the board didn't self-certify, and it didn't say that it had the authority to self-certify. And I'm not aware of any cases in this similar type of scenario where it was a direct appeal form that was filed, where the board then decided to self-certify, at least after the 1990 and 1996 amendments to the INA. So here, even though that authority does exist, it's unclear what position the board takes on whether it could self-certify in this type of scenario. So if there are no further questions, then we would argue for the reasons in our brief that this court should deny the petition for review. And thank you so much. Thank you. Counsel, you still have three minutes on the clock. Thank you, Your Honor. Just two quick points. First, I would like to point out that the immigration judge's cover letter and the instruction given to Mr. Castaneda-Medina, once again, if there was a venue rule in place, that was his cover that would then trigger this question of equitable tolling that we were asking for here. And second, we believe it would be a poor idea to affirm on the notion that our client can now file a new motion to reopen in the first instance with the immigration judge. As it stands now, the immigration judge could simply say it's too late, and we'd be back exactly where we are now. It's much simpler and consistent with precedent to remand with instructions to consider the exceptional circumstances claim on the merits. And for the reasons that we've provided, we believe that this court should grant the petition, reverse the board's decision, and remand the case with instructions for the board or the immigration judge to hear the merits of Mr. Castaneda-Medina's exceptional circumstances claim on the merits. Thank you. Thank you. Do either of my colleagues have any additional questions? No. Okay. Thank you both for your arguments very much. I want to thank Petitioner's Counsel for participating in our pro bono program. We appreciate that very much, and we'll be off record.
judges: Hawkins, Christen, Lee